UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Robert Zieper,

       Plaintiff,

File No. _____

v.

**COMPLAINT**

Kingsway Financial Services, Inc. and
Kingsway America, Inc.

       Defendants.

_____

## PRELIMINARY STATEMENT

1. Plaintiff Robert Zieper brings this action against Defendants for breach of his employment agreement and violation of Minn. Stat. § 181.64.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims on the basis of diversity, 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

3. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to the claim occurred in Minnesota.

## THE PARTIES

4. Plaintiff Zieper is a former employee of defendants, and a resident of Eagan, Minnesota.

5. Defendant Kingsway Financial Services, Inc. ("Kingsway Financial") is a Canadian corporation with its principal place of business in Toronto, Ontario.

6. Defendant Kingsway America, Inc. ("Kingsway America") is a Delaware corporation with its principal place of business in Schaumburg, Illinois.

## ZIEPER'S RECRUITMENT AND EMPLOYMENT BY KINGSWAY

7. Beginning in 2007, Zieper served as President and CEO of Mendota Insurance, a wholly-owned subsidiary of Defendant Kingsway Financial.

8. In January 2009, Colin Simpson, President and CEO of Kingsway Financial, convinced Zieper to leave his position with Mendota Insurance and accept a new position of Chief Strategy Officer at Kingsway Financial.

9. As part of the negotiations over Zieper's new position, Simpson sent him an e-mail on January 24, 2009 in which he promised Zieper two years guaranteed employment with an additional one year "notice period at the end of that term." Based on their conversations and e-mails, Zieper understood that Simpson was promising one year of severance after the expiration of his agreement in January 2011.

10. Later on January 24, 2009, Simpson sent Zieper another e-mail in which he confirmed that Walter Farnham, Chair of Kingsway Financial's Compensation Committee, had agreed to the terms set forth in his earlier e-mail, including the one-year severance period.

11. On January 26, 2009, Simpson sent Zieper a letter agreement describing the terms and conditions of his new position. Zieper signed the agreement and returned it to Simpson. A true and correct copy of that agreement is attached as Exhibit A.

12. The sixth bullet point of the agreement provides in relevant part:

    The term of your appointment in this role will be 2 years from the date of this letter. At the end of that term, should the position of Chief Strategy Officer be eliminated, you will be entitled to a 1 year severance package inclusive of bonus, salary and health and dental benefits.

13. Zieper accepted Kingsway Financial's offer as set out in the agreement and assumed his duties as Chief Strategy Officer on January 26, 2009. In his new role, Zieper reported directly to Simpson.

14. Zieper's compensation in the new role included an annual salary of $220,000; eligibility for a bonus and Executive Incentive Compensation Plan; and full medical and dental benefits.

15. Although Zieper's agreement was with Kingsway Financial, his salary was paid by Kingsway America.

## KINGSWAY'S ELIMINATION OF ZIEPER'S POSITION

16. Based on financial considerations independent of Zieper's performance, on July 9, 2009 the position of Chief Strategy Officer was eliminated.

17. Zieper continued to receive his regular salary and benefits through January 25, 2011. He was not paid a bonus or any amounts under the Executive Incentive Compensation Plan.

18. Despite Zieper's diligent efforts, he has not been able to secure comparable employment since his position with Kingsway Financial was eliminated in July 2009.

## ZIEPER'S REQUESTS FOR SEVERANCE

19. On November 30, 2010, Zieper sent a letter to Larry Swets, Chief Executive Officer of Kingsway Financial, requesting confirmation that he would receive the one-year severance package of salary, bonus and benefits promised in his agreement beginning on January 26, 2011.

20. On December 29, 2010, Swets responded to Zieper's request by indicating that his agreement did not provide for severance.

21. Zieper responded to Swets' letter on January 15, 2011 by referring him to the sixth bullet point of the January 26, 2009 agreement and providing a copy of Simpson's January 24, 2009 e-mail confirming that he would be eligible for a one-year severance package beginning January 25, 2011.

22. Kingsway Financial has not responded to Zieper's January 15, 2011 letter or agreed to provide him with the promised one-year severance package beginning January 26, 2011.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

23. Zieper and Kingsway Financial were parties to an enforceable employment agreement in the form of the January 26, 2009 letter agreement attached as Exhibit A.

24. The agreement provides that Zieper is entitled to a one-year severance package of bonus, salary and health and dental benefits following the expiration of the agreement's term on January 25, 2011.

25. Kingsway Financial and Kingsway America have refused to provide Zieper with that severance package, thereby breaching the agreement.

26.     Zieper has been damaged by that breach.

**SECOND CAUSE OF ACTION: VIOLATION OF MINN. STAT. § 181.64**

27.     In January 2009, Simpson, on behalf of Kingsway Financial and Kingsway America, induced and persuaded Zieper to relinquish his position as President and Chief Executive Officer of Mendota Insurance and to accept the position of Chief Strategy Officer of Kingsway Financial.

28.     Simpson made knowingly false representations orally and in writing concerning the term of the engagement and its compensation as an inducement for Zieper to enter employment with Kingsway Financial and Kingsway America.

29.     Zieper relied on Simpson's false representations and was influenced, induced and persuaded to change employment as a result.

30.     Zieper has been damaged by those false representations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zieper prays for the following relief and a judgment against Defendants as follows:

A.     An order finding that Defendants breached the agreement and violated Minn. Stat. § 181.64;

B.     An award of compensatory damages, including one year's salary, applicable bonuses, and the value of one year's medical and dental benefits, with pre- and post-judgment interest;

C.     An award of costs and reasonable attorneys' fees as permitted by Minn. Stat. § 181.65; and

D. An Order granting such other relief as is required.

Dated:  February  11, 2011                                      s/Thomas J. Conley
                                                                Thomas J. Conley (MN # 201625)
                                                                Law Office of Thomas J. Conley
                                                                900 IDS Center
                                                                80 South Eighth Street
                                                                Minneapolis, MN  55402-8773
                                                                (612) 455-4556
                                                                tj@tjconleylaw.com