## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Robert Zieper,                                          Civil No. 11-362 (DWF/SER)

                    Plaintiff,

v.                                                      **MEMORANDUM
                                                        OPINION AND ORDER**

Kingsway Financial Services, Inc., and
Kingsway America, Inc.,

                    Defendants.

_____

Thomas J. Conley, Esq., Law Office of Thomas J. Conley, counsel for Plaintiff.

Tracey Holmes Donesky, Esq., Leonard Street and Deinard, PA; and Jeremy Glenn, Esq. and Rachel Urquhart, Esq., Meckler Bulger Tilson Marick & Pearson LLP, counsel for Defendants.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendants

Kingsway Financial Services, Inc. ("KFS") and Kingsway America, Inc. ("KAI")

(collectively, "Defendants").  For the reasons set forth below, the Court grants

Defendants' Motion.

## BACKGROUND

Plaintiff Robert Zieper is a resident of Eagan, Minnesota, who served as President

and Chief Executive Officer ("CEO") of Mendota Insurance, a wholly owned subsidiary

of KFS.  (Compl. ¶¶ 4, 7, Ex. A.)  On January 26, 2009, KFS offered Plaintiff a "change

in role" proposal to serve as the Chief Strategy Officer (US) ("CSO") for KFS.  (Compl.

¶ 11, Ex. A (the "Letter Agreement").)  Plaintiff accepted the proposal.  (Compl. ¶ 11.)

The Letter Agreement contains the following provisions:

> [Paragraph 5]  In remuneration for your services, the Company will pay
> you a salary of $220,000 per annum, payable on a bi-weekly basis by direct
> deposit to your designated bank account.  All other terms of your
> compensation arrangements will remain unchanged;
>
> [Paragraph 6]  The term of your appointment in this role will be 2 years
> from the date of this letter.  At the end of that term, should the position of
> Chief Strategy Officer be eliminated, you will be entitled to a 1 year
> severance package inclusive of bonus, salary and health and dental benefits.
> If there is a suitable, permanent role for you within the organization at or
> above your current level of responsibility and compensation following this
> two year assignment you will be offered that role and receive a bonus
> payment equal to 6 months base salary incremental to the bonus earned
> under the Executive Incentive Compensation Plan.
>
> [Paragraph 7]  If your employment is terminated without cause within
> ninety days prior to the expiration of your initial appointment as Chief
> Strategy Officer or within two (2) years from the date of a subsequent
> appointment you will be entitled to the 1 year severance package as
> described above.

(Letter Agreement ¶¶ 5-7.)

Less than six months later, on July 9, 2009, Plaintiff's position was eliminated

based on financial considerations independent of Plaintiff's performance.  (Compl. ¶ 16.)

Plaintiff received his regular salary and benefits until January 25, 2011, which was two

years after the date he assumed the CSO position.  (Compl. ¶ 17.)  Plaintiff was not paid a

bonus or any amounts under the Executive Incentive Compensation Plan.  (*Id.*)

Plaintiff filed this action on February 11, 2011, claiming that he is entitled to a

one-year severance period payment and alleging two causes of action:  breach of contract

and violation of Minnesota Statute § 181.64.  Defendants now move to dismiss both

causes of action with prejudice for failure to state a claim.

### DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all

facts in the complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory

allegations, *Hanten v. School District of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City

of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint,

matters of public record, orders, materials embraced by the complaint, and exhibits

attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous

Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

547 (2007).  Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative

level."  *Id.* at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements,"

will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise

a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## I.    Breach of Contract

Plaintiff claims that he is entitled to severance under the terms of the Letter Agreement because his position "had been eliminated" at the end of his term.  (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss at 4.)  Plaintiff argues that the term "at the end of" as used in Paragraph 6 of the Letter Agreement is not defined, ambiguous, and susceptible to a variety of interpretations.  Plaintiff argues that his interpretation of the term (which allows for severance if his position "had been eliminated" at the end of his term) is supported by an e-mail exchange between Plaintiff and Colin Simpson, the President and CEO of KFS, that occurred just prior to the execution of the Letter Agreement. (Decl. of Robert Zieper ("Zieper Decl.") ¶ 2, Ex. A.)  In the first e-mail of that chain, on January 23, 2009, Plaintiff asked what KFS proposed regarding the provision of "some measure of security about the company's intention to carry the change program out 2 years?"  (*Id*.)  In a January 24, 2009 e-mail, Mr. Simpson responded, in part:  "Terms: we would suggest 2 years (guaranteed) with a 1 year notice period at the end of that term.  If you choose to stay after the 2 years we would pay you an additional 6 months bonus (salary) on top of the Bonus earned in year two."  (*Id*.)

Defendants argue that Plaintiff has misconstrued the parties' agreement. Defendants argue that the agreement is unambiguous and does not provide the additional one year of pay because Plaintiff's position was eliminated five-and-a-half months into the first two-year term and does not fall within one of the three circumstances that would

have provided for severance payment.  Defendants point out that after Plaintiff's position was eliminated, Plaintiff received 18.5 months of continued salary and benefits consistent with the Agreement's guarantee of a two-year term.

The Letter Agreement provides for one year of severance in three situations:  (1) if "[a]t the end of [the two-year] term, should the position of [CSO] be eliminated"; (2) if Plaintiff's employment "is terminated without cause within ninety days prior to the expiration" of Plaintiff's initial appointment; or (3) if Plaintiff's employment is terminated within two years from the date of a subsequent appointment (after the completion of the initial two-year term).  (Letter Agreement at ¶¶ 6-7.)  In this case, Plaintiff's position was eliminated five-and-a-half months into the first two-year term.  Therefore, none of the provisions for severance apply.

Plaintiff contends that the elimination of his position did occur "at the end of" his term because his term "had been eliminated" before his two year term expired.  The Court respectfully rejects this argument.  The Letter Agreement unambiguously provides that Plaintiff would be entitled to severance if his position was eliminated at the end of his two-year term.  Plaintiff's position was eliminated after five-and-a-half months, not at the end of his term.  The language of the Letter Agreement does not contemplate that "at the end of" would cover the entire range of time so as to be triggered if Plaintiff's position was eliminated at any time prior to the end of the two-year term.  Moreover, other provisions of the Letter Agreement did contemplate the allowance of severance when certain triggering events took place during a range of time.  For example, the Letter Agreement provides that Plaintiff would be entitled to severance if his employment was

terminated "within ninety days prior to the expiration of the initial two year appointment" or "within two (2) years from the date of a subsequent appointment."  (Letter Agreement ¶ 7.)  The Paragraph under which Plaintiff claims he is entitled to severance provides for severance if "[a]t the end of [the two-year] term" Plaintiff's position is eliminated;  it does *not* provide for severance in the event that Plaintiff's position is eliminated "within" or at any time during his two year appointment.[1]

    For the above reasons, the Court concludes that Plaintiff has failed to state a claim for breach of contract.  Accordingly, Plaintiff's first cause of action is properly dismissed.

## II.    Minnesota Statute § 181.64

    Plaintiff also asserts a cause of action under Minn. Stat. § 181.64.  That statute prohibits the use of false statements as an inducement to enter employment and states in relevant part:

> It shall be unlawful for any . . . company . . . doing business in this state, directly or through any agent or attorney, to induce, influence, persuade, or engage any person . . . to change from any place in any state, territory, or country to any place in this state . . . through or by means of knowingly false representations . . . concerning the kind or character of such work [or] the compensation therefor . . . .

Minn. Stat. § 181.64.

---

[1]    The Court declines to consider the e-mail exchange between Mr. Simpson and Plaintiff that preceded the execution of the Letter Agreement.  Under Minnesota's parol evidence rule, "when parties reduce their agreement to writing, parol evidence is ordinarily inadmissible to vary, contradict, or alter the written agreement." *Hruska v. Chandler Assocs., Inc.*, 372 N.W.2d 709, 713 (Minn. 1985) (citation omitted).

In support of his statutory claim, Plaintiff claims that Defendants knowingly made false representations concerning the severance provision in his compensation package, inducing him to relinquish his position as President and CEO of Mendota Insurance. Specifically, Plaintiff alleges that Defendants promised two years of guaranteed employment plus an additional one year of severance at the end of his two-year term.

Defendants argue that Plaintiff has failed to state a claim under Minn. Stat. § 181.64 because Plaintiff cannot plead several key elements, namely that Plaintiff moved from one place to another, that Defendants made a knowingly false representation, and that severance pay is compensation for which the Act provides recovery.

Plaintiff has not pled that he changed from one place to another to take the position as CSO of KFS.  Plaintiff does not dispute that he did not change geographical location.  Instead, Plaintiff argues that the statute does not require a change in physical place, but allows for recovery if one is induced to change employment from one company to another.  In support, Plaintiff cites to Minn. Stat. § 181.65, which provides in part:

> Any person who shall be influenced, induced, or persuaded to enter or change employment or change a place of employment through or by means of any of the things prohibited in section 181.64, shall have a right of action for the recovery of all damages sustained in consequence of the false or deceptive representations . . . used to induce the person to enter into or change a place of employment . . . .

Minn. Stat. § 181.65.  Plaintiff argues that that section's language regarding a change in employment supports the conclusion that Minn. Stat. § 181.64 does not require a geographical change.  Plaintiff's argument fails for two reasons.  First, Plaintiff does not allege a violation of Minn. Stat. § 181.65.  (Compl. ¶¶ 27-30.)  Even if Plaintiff had

7

alleged a violation under Minn. Stat. § 181.65, his claim would still fail because Minn.

Stat. § 181.65 does not provide for an independent cause of action.  Instead, a party

asserting a claim under Minn. Stat. § 181.64 may seek damages under Minn. Stat.

§ 181.65.[2]

Second, Minn. Stat. § 181.64 requires a geographic or physical change of place.

*See, e.g.*, *Kattke v. Indep. Order of Foresters*, No. 01-2540, 2002 WL 272315, at *2 (8th

Cir. Feb. 27, 2002) (explaining that to satisfy the language of the statute, an employee

must "physically move, not merely enter employment with another employer").  Here,

Plaintiff has not alleged that he physically moved his residence or physical work location.

Indeed, Defendants point out that Plaintiff's address is the same in both the January 26,

2009 Letter Agreement and a November 30, 2010 letter sent to KFS by Plaintiff, thus

demonstrating that Plaintiff's residence remained the same both before and after he

accepted the position as CSO.[3]  Because Plaintiff does not allege a physical move,

Plaintiff fails to state a claim under § 181.64.[4]

---

[2]     Plaintiff does seek costs and reasonable attorney fees under Minn. Stat. § 181.65.

[3]     The Court may consider both of these letters because they are attached to (the
Letter Agreement) or embraced by (the November 30, 2010 Letter) the Complaint.
*Porous Media Corp.*, 186 F.3d at 1079.

[4]     Because Plaintiff's claim fails for this reason, the Court does not reach the
questions of whether Plaintiff adequately alleged a knowingly false representation or
whether severance is considered compensation under the statute.

For the reasons discussed above, the Court concludes that Plaintiff has failed to state a claim for relief under his statutory cause of action.  Accordingly, Plaintiff's second cause of action is properly dismissed.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.      Defendants' Motion to Dismiss (Doc. No. [7]) is **GRANTED**.

2.      Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  August 4, 2011                         s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge